[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12569

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**February 7, 2006**
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 04-00057-CR-BE

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

CHARLES RICHARD VAWTER, JR.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(February 7, 2006)**

Before BLACK, HULL and FARRIS[*], Circuit Judges.

PER CURIAM:

_____

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

The government appeals Defendant Charles Richard Vawter, Jr.'s six-month sentence for bank fraud, in violation of 18 U.S.C. § 1344(1). After review and oral argument, we affirm.

## I. BACKGROUND

Between March 1, 2001, and July 2001, Vawter engaged in a check-kiting scheme in which he would continually deposit checks with insufficient funds in one of three banks. In fact, in one of his accounts, Vawter was overdrawn in the amount of $1,710,101.06.

Although at least three banks were involved in Vawter's check-kiting scheme, only one bank suffered a pecuniary loss as a result. Vawter repaid that bank in full prior to the indictment.

After Vawter pled guilty, the PSI recommended an adjusted offense level of 17 and a criminal history category I. This resulted in an advisory guidelines range of 24-30 months.

At sentencing, the district court noted that "while not bound to apply the guidelines, [it] has consulted them and has taken them into account . . . ." The district court then adopted the factual statements in the PSI and concluded that the advisory guidelines range was 24-30 months.

After giving the defendant an opportunity for allocation, the district court

imposed a six-month sentence. In imposing the six-month sentence, the district court stated: "I have taken into account what I think to be the critical factor in this case. And that is the amount of potential loss versus the amount of actual loss." The district court then noted: "the mere fact that [the defendant was] able to restore funds to the bank [did] not minimize the wrongfulness of the conduct in which [the defendant] engaged. It is, however, something that I am compelled to take into consideration."

Significantly, the district court also considered all the relevant sentencing factors and found that a six-month sentence was reasonable given the advisory guideline range, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense to promote respect for the law and provide just punishment, and the need to avoid unwarranted sentence disparities. Specifically, the district court stated:

> Having considered the guideline computations and having taken them under advisement, the court finds that the sentence is reasonable when considering the following sentencing factors, specifically as outlined by statute:
> First, the nature and circumstances of the offense, particularly there, as I discussed previously, the seriousness of the offense based upon the potential loss versus the actual loss that was incurred by the bank in this case;
> Also, the court has considered the history and characteristics of the defendant, particularly the defendant's prior exemplary record.

3

The court has considered the need for the sentence imposed to reflect the seriousness of the offense to promote respect for the law and to provide just punishment for the offense.

The court has also considered the need to avoid unwarranted sentence disparities on defendants with similar records who have been found guilty of similar conduct.

## II. DISCUSSION

On appeal, the government asserts that Vawter's six-month sentence is unreasonable.[1] For the following reasons, we reject this argument.

Even though the Sentencing Guidelines are advisory after United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court must properly calculate the applicable guidelines range. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). "After it has made this calculation, the district court may impose a more severe or more lenient sentence as long as the sentence is reasonable." United States v. Williams, – F.3d –, 2006 WL 68559, at *3 (11th Cir. Jan. 13, 2006) (quotation marks and citation omitted).

"Before deciding whether a sentence is reasonable, we first determine whether the district court correctly interpreted and applied the Guidelines to calculate the appropriate advisory Guidelines range." Id. (citations omitted). In

---

[1]The government also asserts that it is unclear whether Vawter's six-month sentence resulted from the district court departing under the guidelines or merely applying the guidelines in an advisory manner. However, after reviewing the record, it is clear that the district court was applying the guidelines in an advisory manner. In fact, the government concedes that the record "strongly supports" this conclusion. Consequently, we do not discuss the government's argument that the district court impermissibly departed under the guidelines.

this case, the government does not assert that the district court made any error in either calculating the defendant's adjusted base offense level or his criminal history. Thus, we conclude that the district court properly calculated Vawter's advisory guidelines range as 24-30 months.

Having determined that the district court properly calculated Vawter's advisory guidelines range, the only issue before this Court is whether Vawter's six-month sentence is unreasonable. We review a defendant's ultimate sentence, in its entirety, for unreasonableness in light of the factors in § 3553(a). See United States v. Winingear, 422 F.3d 1241, 1245-46 (11th Cir. 2005).[2]

We reject the government's argument that the "lone reason" the district court sentenced Vawter to six months was the fact that he reimbursed the bank for its pecuniary loss. As outlined above, this was one, but not the sole, reason for Vawter's six-month sentence. As this Court stated in Williams, the district court "weighed the factors in § 3553 and took into account [the defendant]'s individual history and nature of the charge against him when it determined to sentence him to a lower term." Williams, – F.3d at –, 2006 WL 68559, at *4 ; see United States v.

_____

[2]"The factors in § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guidelines range." United States v. Scott, 426 F.3d 1324, 1328-29 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).

<u>Sweeting</u>, – F.3d –, 2006 WL 177411, at *2 (11th Cir. Jan. 26, 2006).

In this case, the district court considered each of the § 3553(a) factors under a properly-calculated advisory guidelines range.  Although this Court may not have sentenced the defendant to six months, we cannot say that such a sentence by the district court is unreasonable.

AFFIRMED.